[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#123)
The defendants, West Haven Board of Education and Ellen Fenty-Morrison (hereinafter "Board of Education"), seek summary judgment as to count nine of the complaint. In count nine, the plaintiff, Paula Brown, on behalf of her four minor children, alleges reckless or intentional infliction of emotional distress. For the reasons set forth below the motion for summary judgment is denied. CT Page 1712
 BACKGROUND
The case has a complicated procedural history. Most pertinent to the present motion is the Appellate Court's decision reversing a trial court ruling striking Brown's intentional infliction of emotional distress claim. See Bell v. Board of Education, 55 Conn. App. 400 (1999). In Bell, the Appellate Court noted the plaintiffs' allegations that (1) by implementing the so-called "responsive classroom" teaching method at the Alma E. Pagels elementary school, the defendants "encouraged, created, and tolerated an atmosphere of chaos, disruptiveness and violence;" and (2) that their children were exposed over a two year period on a daily basis to physical and verbal violence and that the school became a place of fear where learning could not and did not take place in any meaningful sense. Id., 409. The Appellate Court held that these allegations were sufficient to establish a cause of action for intentional infliction of emotional distress. Id., 412.
The Board of Education now claims that based on Paula Brown's deposition, the allegations in count nine cannot be proven and that there is no genuine issue of material fact as to the allegations and therefore they are entitled to summary judgment in their favor.
 DISCUSSION
The standard for summary judgment pursuant to Practice Book § 17-49
is well settled. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381 (1998). When viewing the evidence from that perspective, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
The gist of the Board of Educations' claim is that the incidents attested to in Paula Brown's deposition and elsewhere, are the "commonplace indignities, annoyances and relative slight hurts and cruelties experienced by virtually every elementary school student." Memorandum of Law in Support of Defendants' Motion for Summary Judgment, 13. The Board of Education asserts therefore, that, as a matter of law, the incidents do not establish the atmosphere of chaos, disruptiveness and violence alleged in the complaint. A review of the incidents described in Paula Brown's deposition suggests that there is an issue of material fact as to whether such an atmosphere did exist. Summary judgment is therefore inappropriated.
Among the matters described by Paula Brown are the following: CT Page 1713
1. The "responsive classroom" approach emphasized social skills over academics and required children to work out their own problems with no adult intervention.
2. At school, a student threatened Brown's son, Timmy, that he was going to stick something up his "ding-ding."
3. Teachers were kicked, children hit each other, thefts occurred and profane epithets were directed at teachers and staff with no sanctions imposed.
4. A student stole her son's lunch box and when the class went to lunch he stayed behind to find it and was left alone in the classroom. Her son had a speech communication problem. The son did not find his lunch and was upset when the other children returned to class. A teacher told Brown that Timmy was to take responsibility for himself. This was part of the responsive classroom approach.
5. During dismissal from school, students lined up in the hallway with only student monitors. While waiting in line, her son had his pants pulled down and was very upset.
6. While children were in line going to lunch and recess, and at recess, there was pushing and shoving. Brown's children saw another boy get slammed into a cement wall ten times.
7. At recess, older students singled out younger students and discussed topics related to sex, such as accusing a boy of being "gay" and asking Brown's third grade daughter if she was a "virgin."
8. A fight erupted in the lunch line when one boy accused another of having sex with his mother.
9. When Brown complained about the lack of teacher supervision at the lunch line and the disruptive behavior, the principal told Brown, "Unfortunately that's the way society is and you are not giving your children the tools they need to cope.
10. Brown's daughter, Elisa, wad kicked in between the legs during art class.
11. Elisa was pushed into a cement pillar causing a black and blue on her leg. She was pushed into a cement pillar on another occasion ripping the knee area of her pants. CT Page 1714
12. Elisa was tormented by an older student who threatened to rip every hair out of her head.
13. A student with mild cerebral palsy was held down by two girls and had her hair cut with scissors. Brown's daughter witnessed this and was threatened not to say anything.
Whether the trier of fact actually finds these events to have happened is, of course, yet to be determined. They do however, sufficiently raise issues of fact such that summary judgment must be denied.
 CONCLUSION
For the reasons set forth above, the motion for summary judgment as to count nine is denied.
So Ordered at New Haven, Connecticut this 31st day of January, 2001.
Devlin, J.